UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 06 2012 ★

LONG ISLAND OFFICE

| | |
|---|---|
| Commercial Recovery Corporation,<br><br>        Plaintiff,<br><br>v.<br><br>A.G. Adjustments Ltd.,<br><br>        Defendant. | Court File No.<br>**CV 12-3357**<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

**SUMMONS ISSUED**

For its Complaint against Defendant A.G. Adjustments Ltd., Plaintiff Commercial Recovery Corporation ("CRC"), hereby states and alleges as follows:

SEYBERT, J

## NATURE OF THE ACTION

1.    This is a patent infringement action arising under the patent laws of the United States, including 35 U.S.C. §§271 and 281-285, among others.

WALL, M.J.

## PARTIES

2.    The Plaintiff, Commercial Recovery Corporation ("CRC"), is a corporation that was engaged in debt collection activities and is located in Blaine, Minnesota.

3.    CRC is the assignee and owner, with all right, title and interest, of U.S. Patent No. 7,167,839 (the "'839 Patent"), entitled a "Collection Agency Data Access Method." The '839 Patent, as described in its Abstract, is an account data access method allowing access to an agency account database, such as that of a collection agency, over a network by agency affiliates and clients of the agency. The subject matter of the '839 Patent, among other things, provides for the secure access to a client's accounts using a web browser over the internet as set forth in detail in the claims in the '839 Patent. A true and correct copy of the '839 Patent is attached as Exhibit A.

453675.1

4. The Defendant, A.G. Adjustments Ltd. ("Defendant"), is a corporation engaged in the business of debt collection and is located at 740 Walt Whitman Road, Melville, NY 11747. As set forth below, Defendant has infringed or willfully infringed the '839 Patent.

## JURISDICTION AND VENUE

5. This Court has jurisdiction is based on the patent laws of the United States, 35 U.S.C. §§ 271 and 281-285, as well as 28 U.S.C. §§ 1331 and 1338(a).

6. Defendant is subject to this Court's specific and general personal jurisdiction, and venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). Defendant maintains its principal place of business in this forum and has substantial business in this forum, including and relating to the infringements alleged herein. Further, on information and belief, Defendant is subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in this State. Further, Defendant transacts business in this State and has committed, or has caused to be committed, acts of patent infringement within and/or outside this State that have caused injury to CRC.

## FACTUAL ALLEGATIONS

7. Inventor Kevin Layne of Coon Rapids, Minnesota, applied for the '839 Patent on November 5, 1999. Mr. Layne's entire right, title, and interest in the '839 Patent has been assigned to CRC. The '839 Patent application was duly and legally issued by the U.S. Patent Office and as U.S. Patent No. 7,167,839 on January 23, 2007. The '839 Patent is titled a "Collection Agency Data Access Method."

8. The subject matter of the '839 Patent, among other things, provides for the secure access to a client's accounts using a network server as set forth in the claims of the '839 Patent.

453675.1

9. On information and belief, the Defendant named herein has and continues to directly infringe, contributorily infringe, and/or induce infringement of the '839 Patent as those terms are defined in 35 U.S.C. §§ 271 (a)-(c) through actions in, inter alia, providing clients of collection agencies with secure access to a client's accounts through one or more network servers by using specific systems and methods that infringe one or more claims of the '839 Patent.

## COUNT ONE

## INFRINGEMENT OF U.S. PATENT NO. 7,167,839

10. CRC incorporates by reference all of the foregoing allegations as if fully set forth here.

11. By its acts, Defendant has infringed and continues to infringe the '839 Patent under 35 U.S.C. §§ 271 (a) through (c) by: (a) making, using, selling, offering to sell, and/or importing the systems and/or methods which comprise collection agency data access methods covered by one or more claims of the '839 Patent; (b) knowingly and actively inducing infringement of said claims of the '839 Patent; and/or (c) indirectly and/or contributorily infringing said claims of the '839 Patent.

12. Defendant is now and has been infringing, contributorily infringing, and/or inducing infringement of the '839 Patent, literally and under the doctrine of equivalents.

13. Defendant does not have a license or permission to use the claimed subject matter of the '839 Patent.

14. Defendant's aforesaid conduct in violation of 35 U.S.C. §§ 271(a)-(c) has injured CRC and will cause CRC further irreparable injury and damage in the future unless and until Defendant is enjoined from infringing the '839 Patent. Defendant is liable to CRC in an amount

453675.1

that adequately compensates it for its infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

15. Defendant's violation has been willful.

**WHEREFORE**, plaintiff CRC, respectfully requests that the Court enter judgment in its favor, and against Defendant as follows:

1. A judgment in favor of CRC and against Defendant on Count I of this Complaint;

2. A judgment finding that Defendant has infringed, contributorily infringed, and/or induced infringement of the '839 Patent in violation of 35 U.S.C. § 271;

3. A judgment that the '839 patent is valid and enforceable;

4. A judgment that Defendant has willfully infringed the '839 patent, and that CRC is entitled to relief provided by 35 U.S.C. § 284, including, but not limited to, treble damages;

5. A permanent injunction enjoining Defendant, and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, assigns, and all others acting in concert with Defendant from infringement, inducing infringement of, or contributing to the infringement, directly or indirectly, of the '839 Patent;

6. If a permanent injunction is not granted, a judicial determination of the conditions for future infringement such as a royalty-bearing license or such other relief as the Court deems appropriate;

7. An award of damages adequate to compensate CRC for the infringement of the '839 patent that has occurred;

8. An order that Defendant make an accounting of its accounts, receivables, revenues, profits, royalties, and damages owed to CRC, including any and all pre- and post-judgment periods of infringement;

9. A determination that this is an exceptional case and an award of CRC's attorneys' fees pursuant to 35 U.S.C. § 285 and any other applicable statute or law, and an award of CRC's costs; and

10. That Defendant pay pre-judgment and post-judgment interest; and

11. Such other relief as the Court deems equitable under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff CRC, pursuant to Federal Rule of Civil Procedure 38, requests a trial by jury of any issues so triable by right.

Dated: New York, New York
July 5, 2012

*Thomas J. McKenna*
Thomas J. McKenna
GAINEY & McKENNA
440 Park Avenue South, 5th
New York, New York 10016
Telephone: 212-983-1300
Facsimile: 212-983-0383
Tjmlaw2001@yahoo.com
tjmckenna@gaineyandmckenna.com

Additional Counsel:

Charles N. Nauen, MN #121216
Gregory J. Myers, MN #0287398
LOCKRIDGE GRINDAL NAUEN
P.L.L.P.
100 Washington Avenue South,
Suite 2200
Minneapolis, MN  55401
Telephone:  612-339-6900
Facsimile:  612-339-0981
cnnauen@locklaw.com
gjmyers@locklaw.com
bdclark@locklaw.com

Shawn M. Perry, MN #0185000
Perry & Perry, PLLP
5401 Gamble Drive, Suite 270
Minneapolis, MN 55416-1560
Telephone:  952- 546-3555
shawn.perry@pppllp.com

**ATTORNEYS FOR PLAINTIFF
COMMERCIAL RECOVERY
CORPORATION**

453675.1